336    APPELLATE COURTS OF ILLINOIS.

Grossfeld & Roe Co. v. William Junker Co., 205 Ill. App. 336.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

INSURANCE, § 659*—*when evidence is sufficient to show that automobile did not collide with stationary object.* Evidence *held* sufficient to show that plaintiff's automobile was not, as alleged, at the time in question in collision with any post or any other stationary object, in an action to recover for damages to the automobile alleged to have been sustained by such collision.

Grossfeld & Roe Company, Appellee, v. William Junker Company, Appellant.

### Gen. No. 22,796.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. Rehearing denied April 30, 1917.

### Statement of the Case.

Action by Grossfeld & Roe Company, plaintiff, against William Junker Company, defendant, to recover upon a contract for the purchase by defendant of two hundred barrels of sugar, estimated at eighty thousand pounds, at the price of $5.65 per hundred pounds. From a judgment for plaintiff for $240, defendant appeals.

WILLIAM R. BRAND, for appellant.

BLUM, WOLFSOHN & BLUM, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 154*—*what constitutes admission of existence of contract.* Testimony of a corporation defendant's president identifying his letter to plaintiff referring to "our contract of February 8, 1915" and annulling "our contract with you," *held* to be an admission of the contract, in an action to recover thereunder in which defendant's affidavit of merits denied the making of the contract.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*what defenses defendant filing affidavit of merits is confined to.* A defendant in the Municipal Court is confined by the rules of that court to the defenses made in his affidavit of merits.

3. SALES, § 376*—*what is measure of damages for breach of contract for purchase of goods.* In an action to recover for breach of a contract for the purchase of certain goods, the difference between the contract price and the market price on resale after such breach, *held* to be the measure of damages.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of defense is insufficient.* An affidavit of defense filed in an action in the Municipal Court, stating merely that the defendant did not know plaintiff to be a corporation, *held* not to be sufficient to put plaintiff to proof of its incorporation.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
   Vol. CCV 22